IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS DEANGELO JONES,           )  | |
|                                                             )  | |
|       Petitioner,            )  | |
|                                                             )  | |
| vs.                                                       )  | CIVIL NO. 05-467-JPG |
|                                                             )  | |
| SARAH REVELL,                              )  | |
|                                                             )  | |
|       Respondent.         )  | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

      Petitioner Marcus Deangelo Jones, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  He also seeks leave to proceed *in forma pauperis* (Doc. 2), and the Court finds that he is, in fact, indigent. Therefore, this motion is **GRANTED**.  Jones also filed a motion to stay proceedings (Doc. 5) during the pendency of his temporary transfer out of state.  The Court notes that Jones has since returned to F.C.I. Greenville; therefore, the motion to stay is **DENIED** as moot.

      This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that

Jones is not entitled to relief, and the petition must be dismissed.

Jones was convicted of several counts of drug-trafficking in 2000, and he is serving a sentence of 327 months imprisonment. *United States v. Jones*, Case No. 99-04041-01 (W.D. Mo., filed Nov. 19, 1999); his direct appeal was unsuccessful. *United States v. Jones*, 275 F.3d 673 (8th Cir. 2001). His first collateral attack on his sentence was also unavailing. *Jones v. United States*, Case No. 02-cv-4123-SOW (W.D. Mo., filed June 17, 2002); the Eighth Circuit denied his request for a certificate of appealability and dismissed his appeal from that decision. *Jones v. United States*, Appeal No. 03-1756 (8th Cir., filed Nov. 25, 2002).[1] Jones then sought permission to file a successive habeas petition, which was denied. *Jones v. United States*, Case No. 04-3837 (8th Cir., filed Nov. 22, 2004).[2]

In this § 2241 petition, Jones now challenges his continued confinement, using one of the more creative attempts ever presented to this Court. Instead of directly challenging his sentence, he invokes 18 U.S.C. § 3582, which provides in pertinent part:

> (c) Modification of an imposed term of imprisonment.– The court may not modify a term of imprisonment once it has been imposed except that –
> . . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are

---

[1] The District Court also denied Jones's Rule 60(b) motion. *Jones*, Case No. 02-cv-4123-SOW (motion and order at Docs. 28 and 38 in that case, respectively). His appeal from that decision was unsuccessful. *Jones v. United States*, Appeal. No. 04-1002 (8th Cir., filed Sept. 12, 2003).

[2] Undaunted, Jones sought leave to amend his original § 2255 motion, despite the fact that judgment had been entered in that case almost three years earlier; not surprisingly, that request was denied. *Jones*, Case No. 02-cv-4123-SOW (motion and order at Docs. 53 and 62 in that case, respectively). An appeal from that decision is currently pending. *Jones v. United States*, Appeal No. 05-3992 (8th Cir., filed Nov. 7, 2005).

>applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Jones argues that this provision requires the Bureau of Prisons to file a motion for sentence reduction with the court, as "extraordinary and compelling reasons" require such action. In particular, he claims that his Presentence Report contains inaccurate information, and that he is in custody under an invalid judgment for crime that he was not convicted of. An interesting approach, to be sure, but it falls just as flat as a more direct argument. Regardless of how he couches his argument, Petitioner is merely arguing that his sentence is invalidated by the recent Supreme Court cases of *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005).[3]

Essentially, this habeas corpus action is a thinly veiled effort to file a motion for reduction of sentence under 18 U.S.C. § 3582. However, the Seventh Circuit has held that such an action is, in substance, a collateral attack on a conviction that must be pursued under 28 U.S.C. § 2255. *United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005).

>Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Id.* at 980.

In this case, where it is clear that Jones has already filed one collateral attack on his

---

[3] Apparently Petitioner believes that *Booker* and *Blakely* had the effect of amending the Sentencing Guidelines to reduce the guideline range applicable to his conviction and sentence. This is an incorrect interpretation; *Booker* merely held that the Guidelines are advisory, rather than mandatory. *Booker*, 125 S.Ct. at 764-65. Further, the Seventh Circuit already has held that *Booker* and *Blakely* do not apply retroactively to convictions that were final prior to the *Booker* decision. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

conviction, the Court is required to construe the instant motion as a second or successive collateral attack.  *Lloyd*, 398 F.3d at 980.  Because Jones has not shown that he has been granted leave to file such a successive collateral attack, the Court has no choice but to dismiss this action; this Court has no jurisdiction to consider the claims presented.  *See* 28 U.S.C. § 2255, ¶ 8; *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

In summary, this habeas action does not survive review under Rule 4.  Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: December 20, 2005**

  **s/ J. Phil Gilbert**
  **U. S. District Judge**